IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLIANCE INDUSTRIES LIMITED<br>      and<br>ALLIANCE INDUSTRIES FZC<br><br>       v.<br><br>A-1 SPECIALIZED SERVICES &<br>SUPPLIES, INC. | CIVIL ACTION<br><br>NO. 13-2510 |
|---|---|

Baylson, J.                                                                                   September 11, 2014

<u>**MEMORANDUM RE MOTION TO STRIKE AFIRMATIVE DEFENSES**</u>

This case is a $70 million international dispute among three companies held by four family members, arising out of eleven leases for precious metals. Plaintiffs move to strike four of Defendant's affirmative defenses. (ECF 53).

**I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Alliance Industries Limited (Limited) and Alliance Industries FZC (FZC) are companies that buy, sell, market, and trade precious metals, and lend or lease their inventories of metals. A-1 Specialized Services & Supplies (A-1) also markets and sells commodity-grade precious metals, and processes salvage automotive catalytic converters. Limited alleges A-1 is in breach of eleven lease agreements for precious metals because it failed to return the leased metals to Limited and failed to pay interest owed under the lease agreements.

Defendant moved to dismiss Plaintiff's initial complaint, and first amended complaint. (ECF No. 16). Plaintiff moved for leave to amend its First Amended Complaint and added FCZ as a plaintiff. (ECF No. 19). This Court granted Plaintiff's motion to amend, and denied Defendant's motion to dismiss as moot. (ECF No. 24). Defendant moved to stay or dismiss Plaintiffs' Second Amended Complaint under 12(b)(7) for *forum nonconveniens*, which this

1

Court denied. (ECF No. 32).  Plaintiffs now file a motion to strike four of the ten affirmative defenses raised in Defendant's Amended Answer. (ECF No. 53).

## II.     THE PARTIES' ARGUMENTS

Plaintiffs contend Defendant has failed to provide a basis for four of their affirmative defenses:

Affirmative Defenses:

- 13 for setoff, waiver, estoppel, unclean hands, collateral estoppel and/or res judicata
- 15 substantial performance
- 16 laches
- 17 "Plaintiffs' claims are barred, in whole or in part, by representations made in sworn statements and/or pleadings in filed other actions."

Pl's Br. at 3.

Defendant responds that affirmative defenses under Rule 8(c) are only required to alert Plaintiffs to the defenses a defendant will assert, but not the factual basis for those defenses, unlike the Rule 8(a) standard.  Further, Plaintiffs must show that an affirmative defense asserted could not succeed under any set of circumstances, and they cannot do this until discovery is completed.  Finally, Defendant contends Plaintiffs have failed to show any prejudice, and seek leave to amend their Amended Answer.

## III.     ANALYSIS

Plaintiffs move to strike Defendant's affirmative defenses under Fed. R. Civ. P. 12(f). Rule 12(f) provides: "The court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  As a general matter, motions to strike are disfavored and should only be granted when "the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986). "The underpinning of this principle rests on a concern that a court should restrain from

evaluating the merits of a defense where, as here, the factual background for a case is largely undeveloped." Id. at 188.  "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002).

Judge Robreno of this Court has carefully delineated the differences between Rule 8(a) and Rule 8(c) in light of Twombly and Iqbal. Tyco Fire Products LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that Twombly and Iqbal do not apply to affirmative defenses.").  "An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved." Id.  The affirmative defense to a patent enforcement action that the patents were unenforceable because they were invalid was "plainly satisfactory to the extent it avers 'invalidity' [because i]t provides Plaintiff with notice that Defendant anticipates defending this suit on grounds of invalidity, the details of which Plaintiff can flesh out through discovery." Id.  Judge Robreno concluded that "Rule 8 provides that a party must merely state, not show, an affirmative defense." Id. at 901.

This Court has previously explained "[t]he reason courts have drawn the distinction between the pleading of claims and counterclaims and the pleading of affirmative defenses is that the Federal Rules themselves draw a distinction: while claims and counterclaims are governed by Fed.R.Civ.P. 8(a)(2), which requires that 'claim[s] for relief' contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' affirmative defenses are governed by Rule 8(c)(1), which provides that defendants need only 'affirmatively state any avoidance or affirmative defense.'" Malibu Media, LLC v. Does 1, No. 12-2078, 2013 WL 1702549, at *2

(E.D. Pa. Mar. 6, 2013) ("As Rule 8(c)(1) makes clear, affirmative defenses are used to preserve a defendant's potential arguments at trial by providing notice to the other party of issues to be raised."). Accordingly, an affirmative defense must only alert the opposing party that "the issue exists, not precisely how the issue is implicated under the facts of a given case . . . ." Tyco, 777 F. Supp. 2d at 901 ("Thus, the Court will only strike defenses challenged on sufficiency grounds if they do not meet this low standard.").

Although the standard is very low, a defendant must state some basis for asserting an affirmative defense, and may not merely recite all potential affirmative defenses available. For example, in Klaus the Middle District of Pennsylvania granted a motion to strike the affirmative defense of laches because "Jonestown fails to state that Klaus inexcusably delayed filing suit or that such a delay caused Jonestown prejudice." Klaus v. Jonestown Bank & Trust Co., No. 12-CV-2488, 2014 WL 1024591, at *2 (M.D. Pa. Mar. 14, 2014). Similarly, Judge Brody of this Court granted a motion to strike statute of limitations and laches defenses because the defendant failed to identify which statutes of limitations were at issue, and did not "present the elements of a claim of laches." Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 146 (E.D. Pa. 2011) ("[D]efenses 1 and 10 represent bare bones allegations that not only include no facts, but also fail to allege legal elements."); see also Huertas v. U.S. Dep't of Educ., No. CIV.08-3959 RBK/JS, 2009 WL 2132429, at *3 (D.N.J. July 13, 2009) (recommending the district court strike an affirmative defense of laches because the "Answer is devoid of any factual allegations that Plaintiff exercised delay in bringing the suit and that it was prejudiced by such delay").

This Court previously found an Affirmative Defense that the "[p]laintiff authorized, impliedly or explicitly, [the d]efendant's alleged infringing use of its works, and his claims are therefore barred by the doctrine of implied license" sufficiently put the plaintiff on notice of the

issues involved. Malibu Media, 2013 WL 1702549, at *5. The defendant did not need to "provide specific facts or details explaining how the implied license from Malibu to Defendants, to distribute its copyrighted films, arose." Id.

Having reviewed the Defendant's response, and Plaintiff's reply brief, the Court notes that Defendant has made some further explanation of details supporting its affirmative defenses. Defendant fully recognizes its obligation to provide discovery in support of all of its affirmative defenses, or to abandon them. The Court finds that one affirmative defense is far too broad and should be either narrowed or the factual basis explained in a revised answer, or alternatively Defendant may provide a separate "pretrial statement" filed of record detailing the basis for Affirmative Defense 13, in which Defendant asserts Plaintiffs' claims are barred "by the doctrines of set off, waiver, estoppel, unclean hands, collateral estoppel, and/or res judicata" without alleging any of the legal elements of those claims. This is unlike the more specific allegations in Malibu Media where the defendants based their implied license defense on an allegation that the plaintiff authorized the defendant's use of the subject works. Defendant merely recites the names of various defenses without articulating any of the legal elements to support them. This is insufficient.

However, the defenses of substantial performance and representations made in sworn statements or other pleadings are more than mere recitals of possible defenses. The cause of action is a breach of contract claim, and substantial performance of the contract may be a defense. Defendant need not plead the factual basis of the performance if some set of facts could support the defense. Malibu Media, 2013 WL 1702549, at *5. Similarly, Defendant need not specify which representations made in sworn statements or pleadings in other actions might bar

this complaint. Rather, this pleading adequately puts Plaintiffs on notice that this is a defense that may be developed through factual discovery.

Plaintiffs' motion to strike Affirmative Defense 13 will be **GRANTED** without prejudice to file an amended answer, or a pretrial statement.

An appropriate Order follows.

O:\CIVIL 13\13-2510 alliance industries v. A-1 specialized\13cv2510.091114.memo.affirm.defense.docx